IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | CIVIL ACTION NO. 97-083 |
| | § | |
| v. | § | |
| | § | |
| 155.465 ACRES OF LAND, MORE OR | § | JURY DEMANDED |
| LESS, IN SAN PATRICIO COUNTY AND | § | |
| NUECES COUNTY, TEXAS; MARIE | § | |
| WELDER FORD, ET AL., | § | |
| Defendants | § | |

## JOINT PRETRIAL ORDER

1.  **APPEARANCE OF COUNSEL**

*List each party, its counsel, and counsel's address and telephone number in separate paragraphs.*

ATTORNEYS IN CHARGE FOR PLAINTIFF, UNITED STATES OF AMERICA:

Mr. Charles Wendlandt
Assistant U.S. Attorney
Wilson Plaza, Suite 1400
600 North Carancahua
Corpus Christi, Texas 78476

ATTORNEY IN CHARGE FOR DEFENDANT, MARIE WELDER FORD, ET AL.

Rick Rogers
E.V. Bonner, Jr.
Charles W. Gordon
Cynthia P. Hill
**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
800 North Shoreline, Suite 800
Corpus Christi, Texas 78401
Telephone: (512) 880-5808
Facsimile: (512) 880-5844

85.

ATTORNEY IN CHARGE FOR DEFENDANT
PORT AUTHORITY OF CORPUS CHRISTI**

Mr. J. Michael Mahaffey
**THE KLEBERG LAW FIRM**
800 North Shoreline Boulevard
900 North Tower
Corpus Christi, Texas 78401

f/k/a Nueces County Navigation District No. 1.

\*\*   As a result of a Stipulation and Revestment Agreement between the United States and the Port Authority of Corpus Christi, the Port will not be participating in this trial.

2.  **STATEMENT OF THE CASE**

*Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.*

This is a condemnation proceeding which was commenced by the United States on February 11, 1997 by filing a Complaint and a Declaration of Taking to acquire certain interests in 155.465 acres out of 1,229.557 acre tract owned by the Welder Defendants. The land in question, situated on the north shore of Corpus Christi Bay, was condemned for use in connection with the Navy's mine-sweeping operations at Naval Station Ingleside. The subject property is located at the intersection of the La Quinta Channel and the Jewel Fulton Canal and is described in the complaint in condemnation as three tracts. Condemned Tract I contains 105.477 acres of submerged land; Condemned Tract II contains 43.349 acres of upland; and Condemned Tract III is a 3.639 acres access and utility easement (Tracts I, II, and III are collectively referred to as the "condemned property").

The Navy intends to use this condemned property to construct a pier and related facilities that will enable it to correct the buildup of magnetism in the hulls of minesweepers while they are docked at the pier. These improvements will consist generally of a paved access road with a concrete bridge, two small buildings on the Tract II, a pier, and a turning basin.

The ultimate issue to be decided by the jury in this case is the amount of just compensation that should be paid to the Welder Defendants for the taking of the Condemned Property.

3.  **JURISDICTION**

*Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.*

There are no jurisdictional issues pending. The parties stipulate the Court has jurisdiction.

4.  **MOTIONS**

*List pending motions.*

   a.   Plaintiff's Motion to Exclude the Testimony and Appraisal of Robert W. Hutchins;

   b.   Plaintiff's Motion in Limine;

   c.   Plaintiff's Motion to Exclude or Limit the Testimony of W.L. Bates and Richard A. Dupriest, Jr.;

d.  Welder Defendants' Motion to Exclude Testimony and Appraisal of Gerald A. Teel, or Alternatively, Motion to Strike Comparable Sale No. 5; and

e.  Defendants' Motion in Limine.

## 5. CONTENTIONS OF THE PARTIES

*State concisely in separate paragraphs each party's claims.*

PLAINTIFF, UNITED STATES OF AMERICA CONTENDS:

a.  Condemned Tract I is located below the ordinary high water mark and was burdened by the United States' dominant servitude prior to the February 11, 1997 taking date.

b.  The United States' right to assert its dominant servitude over navigable waters is not limited to projects that are in aid of navigation. *Scranton v. Wheeler*, 179 U.S. 141, 160 (1900); *United States v. Appalachian Electric Power Co.*, 311 U.S. 377, 426 (1940); *Zabel v. Tabb*, 430 F.2d 199 (5th Cir. 1970).

c.  The Navy's construction of a turning basin, pier and related facilities for the servicing of its minesweepers falls within the scope of the Government's power to use navigable waters under the Commerce Clause. *United States v. Commodore Park*, 324 U.S. 386 (1945); *Greenleaf-Johnson Lumber Co. v. Garrison*, 237 U.S. 251 (1915); *United States v. 422,978 Sq. Ft. of Land*, 445 F.2d 1180 (9th Cir. 1971).

d.  The compensation that the defendants are entitled to recover does not include the submerged land's value for "fishing and boating and the like," *United States v. Commodore Park*, 324 U.S. 386 (1945); for use as a port site or for

mooring barges; *Scranton v. Wheeler*, 179 U.S. 141, 160, 27 S.Ct. 48 (1900); *United States v. Twin City Power Co.*, 350 U.S. 222 76 S.Ct. 259 (1955); *United States v. Rands*, 389 U.S. 121, 88 S.Ct. 265 (1967), or for uses that require dredging or filling of submerged land. *Zabel v. Tabb*, 430 F.2d 199, 215 (5th Cir. 1970); *Lemmonds v. United States*, 496 F.2d 864, 875 (Ct. Cl. 1974); *United States v. 8,968.06 Acres*, 318 F.Supp. 698, 703 (S.D. Tex. 1970).

e. The Defendants have no constitutional right to recover severance damages resulting from the loss or reduction of access to navigable waters. *United States v. Birnbach*, 400 F.2d 378, 382 (8th Cir. 1968); *Weatherford v. United States*, 606 F.2d 851 (9th Cir. 1979).

f. Section 111 of the Rivers and Harbors Act of 1970, 33 U.S.C. § 595a, applies to this case. *United States v. 967,905 Acres*, 447 F.2d 764, 771 (8th Cir. 1971).

g. Section 595a modifies the rule of *Rands* only to the extent of paying full compensation based on riparian location for land located above the normal high water mark. It does not waive the right to assert the servitude as to land below the high water mark. *United States v. 30.54 Acres of Land*, 90 F.3d 790, 796 (3rd Cir. 1996); *Lambert Gravel Co., Inc. v. J.A. Jones Const. Co.*, 835 F.2d 1105, 1110 (5th Cir. 1988).

h. Compensation should be determined by asking the jury four questions: (i) the value of Tract I, excluding uses dependent upon access to or use of navigable

waters, etc., (ii) the value of Tract II, (iii) the value of Tract III, and (iv) the amount of severance damages. *United States v. 97.19 Acres*, 582 F.2d 878 (4th Cir. 1978).

i. The before and after method should not be used because (i) it is inconsistent with the special provisions of Section 595a, and (ii) Section 595a effects a "functional separation" of the 46 acre upland tract, *United States v. 8.41 Acres*, 680 F.2d 388, 393 (5th Cir. 1982); *Sharp v. United States*, 191 U.S. 341, 24 S.Ct. 114 (1903). Also, the "before and after" test is frequently used because it is more conservative and is beneficial to the condemnor. However, the Government waives the benefit of that method in this case.

## WELDER DEFENDANTS CONTEND:

a. The United States cannot rely on the doctrine of navigational servitude to reduce the fair market value of the Condemned Property based on its highest and best use because both the judicially admitted purpose for the condemnation and the statutory authority under which the condemnation was commenced were for military purposes only. This condemnation was not for navigational purposes or for the improvement of rivers and harbors, but was for national defense purposes only, to the total exclusion of the public from the Condemned Property.

b. Section 111 of the Rivers and Harbors Act of 1970, 33 U.S.C. § 595a, does not apply to this case. Alternatively, should the Court determine that § 595a

applies, then the Welder Defendants are entitled to recover the fair market value of Tract II based on its highest and best use, including its access to the navigable waters.

    c.    Access to the navigable waters includes the use of Tract I. The Welder Defendants were the owners of the fee simple title to Tract I and are entitled to the fair market value of such property since § 595a does not affirmatively prohibit full compensation for submerged property.

    d.    The proper measure of damages in this case, as judicially recognized in the Fifth Circuit, is the difference between the value of the parent tract (1,229.557 acres) before the taking and its value after the taking. *United States v. 14.38 Acres of Land in Leflore County, Mississippi*, 80 F.3d 1074 (5th Cir. 1996); *United States v. 8.41 Acres of Land in Orange County, Texas*, 680 F.2d 388 (5th Cir. 1982).

    e.    Alternatively, if the Court does not submit the "before and after" measure of damages, the determination of just compensation should be based on the total 155.465 acres taken in this condemnation proceeding instead of three separate pieces of condemned land.

    f.    The Condemned Property was owned in fee simple by the Welder Defendants prior to the condemnation, and the Welder Defendants are entitled to the fair market value of the Condemned Property taken considering the highest and best use for which the Condemned Property could be used. The highest and best use for Tract I is in conjunction with the use of Tract II in developing the

industrial facilities with deep water access.

g. The appraisal approach used by the Government's appraiser, Gerald A. Teel, is not in compliance with the prescribed measure of damages under the Fifth Circuit. The Government has failed to show any situation under which strict adherence to the "before and after" rule would impose costly or impossible burdens on the appraiser and the court. Because the Government has failed to come forward with any reason why the "before and after" rule should not be used, the appraisal done by Gerald A. Teel should be disregarded by the court and jury.

6. **ADMISSIONS OF FACT**

*List all facts that require no proof.*

a. Tracts I and II were taken in fee simple, save and except minerals. As a result, the Navy has the right to exclude members of the public from Tracts I and II. But see, United States v. 1.58 Acres, 523 F. Supp. 120, 124-125 (D. Mass. 1981) (re public trust doctrine). It is reasonable to assume that the officer responsible for the operation of the EMR facility or persons under their command will erect signs identifying the pier and facilities as U.S. Navy property and prohibit use by unauthorized persons.

b. The Welder Defendants' predecessor, R. H. Welder, acquired the fee simple title to the submerged land, excluding the minerals, from the Nueces County Navigation District No. 1 pursuant to the mutual conveyance dated May 6,

    1952, recorded in Volume 1516, at Page 115 of the Deed Records of Nueces County, Texas.

c.   The Welder Defendants' title to the submerged land was subject to the restrictions set forth in the May 6, 1952 conveyance.

d.   The fee simple ownership to the condemned property was held in undivided interest by Marie Welder Ford, Hamilton-Ingleside, Ltd., a Texas Limited Partnership, David Edwards, Trustee of the 1976 Edwards Trust "A" and Patricia Edwards Carson, Trustee of the 1976 Edward Trust "B."

e.   The United States and the Port Authority of Corpus Christi have entered into a Stipulation for Partial Revestment of Interest Taken from the Port Authority of Corpus Christi, which stipulation has been filed among the papers of the cause. In such stipulation, the Port Authority waved any claim for compensation, damages, attorneys fees or costs incurred as a result of these condemnation proceedings.

f.   The Navy, as part of the construction of the EMR facility on the condemned land, is in the process of constructing a pier and turning basin on part of the submerged lands condemned.

g.   As part of the construction of the pier and turning basin, the Navy was required to and did obtain all necessary permits from the Corps of Engineers as well as any other permits necessary relating to remediation for submerged grasses, etc.

  h. The Welder Defendants are entitled to recover damages for the taking of Tract II, which damages are to be determined by a jury based upon the highest and best use of Tract II including its access to navigable waters.

## 7. CONTESTED ISSUES OF FACT

*List all material facts in controversy.*

  a. The amount of just compensation that should be paid to the Welder Defendants for the taking of the Condemned Property.

## 8. AGREED PROPOSITIONS OF LAW

*List the legal propositions that are not in dispute.*

  a. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1358.

  b. The taking of the subject land was authorized by the statutes and Acts of Congress cited in the complaint and declaration of taking.

  c. The amount of just compensation to be paid to the Welder Defendants should be determined as of February 1997, the date of taking. 40 U.S.C. § 258a.

  d. The Navy's estimate of just compensation is not binding on the United States of the Welder Defendants; is not evidence of value, and has no bearing whatsoever on value to be determined by the jury.

  e. The Defendants have the burden of establishing the value of the land and easement taken from them. *United States v. 950 Acres*, 950 F.2d 1165 (5th Cir. 1992). Accordingly, the Welder Defendants have the right to open and close the evidence and arguments during the trial of the case.

9. **CONTESTED PROPOSITIONS OF LAW**

*State briefly the unresolved questions of law, with authorities to support each.*

a. Whether the United States is entitled to rely upon the doctrine of navigational servitude to reduce the fair market value of the property under the facts of this case.

b. Whether the Navy's use is a "public use" because members of the public are not free to use the pier and related facilities.

c. Whether the defendants have a constitutional right to recover severance damages resulting from the loss or reduction of access to navigable waters.

d. Whether Section 111 of the Rivers and Harbors Act of 1970, 33 U.S.C. § 595a, applies to this case.

e. Whether the compensation which the Welder Defendants are entitled recover includes the fair market value of Tract I considering its highest and best use in conjunction with ownership of the uplands and its accessibility to the LaQuinta and Jewel Fulton Channels.

f. Whether the Court should exclude, by way of a Motion in Limine, evidence of the value of the submerged land based upon the fair market value of the property considering its highest and best use in conjunction with ownership of the uplands and this accessability to the LaQuinta and Jewel Fulton Channels.

g. The proper measure of damages in connection with the property taken. The Government contends that the proper measure of damages is based upon a) the value of the submerged land, excluding use dependent upon access to or use

of navigable waters; b) the value of the uplands; c) the value of the easement taken; and d) the amount of severance damages, if any. The Welder Defendants contend that the proper measure of damages is the "before and after" method under which the jury would determine the value of the parent tract (1,229.557 acres) before the taking and its value after the taking.

h. The correct form of jury interrogatory to be submitted in this case. In this regard, the Court is directed to the contentions in (g) above.

10. **EXHIBITS**

   A. *On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.*

   B. *A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.*

   C. *Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.*

   D. *Parties must mark their exhibits to include the date and case number on each.*

   E. *At the trial, the first step will be the offer and receipt in evidence of exhibits.*

The parties have agreed to finalize exhibit lists on the form prescribed by the Local Rules of the Southern District of Texas and to exchange such exhibit list seven (7) days prior to trial.

11. **WITNESSES**

    A.   *List the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to qualify the expert at trial.*

The parties have disclosed the names and addresses of witnesses and expert witnesses. Expert witness reports have been exchanged. The appraisal reports prepared by Gerald A. Teel on behalf of the Government and Robert W. Hutchins, on behalf of the Welder Defendants have also been exchanged.

    B.   *"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."*

12. **TRIAL**

    A.   *Probable length of trial;*

        5 days.

    B.   *Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.*

The appraiser for the Government, Gerald A. Teel and the appraiser for the Welder Defendants, Robert W. Hutchins, both reside in Houston, Texas. It is not anticipated that any substantial delay will be involved in bringing such witnesses to Corpus Christi, although some small latitude might be requested.

Date: 4/25/98

THE HONORABLE ADRIAN G. DUPLANTIER
UNITED STATES DISTRICT JUDGE

**Approved:**

Date: _4-20-98_         _____
                        Attorney-in-Charge, Plaintiff
                        **UNITED STATES OF AMERICA**

Date: _4/20/98_         _____
                        Attorney-in-Charge for Defendant
                        **MARIE WELDER FORD, ET AL**

dk:client\welder\documents\pretrial.ord